UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DANIEL, #537193,

    Plaintiff,

v.

CASE NO. 2:08-CV-13999
HONORABLE ANNA DIGGS TAYLOR

LORI PAIONTE, et al.,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT,
DENYING MOTIONS TO ADOPT SUPPORTING EXHIBITS AND TO AMEND,
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

I. Introduction

The Court has before it Plaintiff Allen Daniel's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as his subsequently-filed motions to adopt supporting exhibits and to amend his complaint. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan. In his complaint, Plaintiff sues numerous State Farm Insurance employees and unidentified lawyers, vice-presidents, and investigators asserting that they discriminated against him based upon his race and gender and that they intentionally provided false statements, records and claims against him which destroyed his business and reputation and caused other injuries. Plaintiff seeks injunctive relief, monetary damages, and other appropriate relief. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. The Court also denies Plaintiff's motions to adopt supporting exhibits and to amend as moot.

1

II. <u>Analysis</u>

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, however, the Court finds that Plaintiff's complaint is subject to summary dismissal.

A plaintiff must demonstrate that the conduct which caused his alleged injury is "fairly attributable to the State" in order to state a civil rights claim under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*.

In this case, Plaintiff names State Farm Insurance employees and unidentified lawyers, vice-presidents, and investigators as the defendants in this action. Those individuals, however,

are private parties and not state actors.  *See, e.g., Britt v. Fox*, 100 Fed. Appx. 627, 628 (6th Cir. 2004); *Naething v. Covington*, 73 Fed. Appx. 825, 826 (6th Cir. 2003).  Plaintiff has thus failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and his civil rights claims against them must be dismissed.  Additionally, Plaintiff's allegations of unconstitutional conduct are vague and conclusory.  A federal court need not accept as true legal conclusions, or vague and conclusory factual allegations, to create a valid claim under § 1983 when none exists.  *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Plaintiff's complaint is thus subject to summary dismissal.

### III. Conclusion and Order

For the reasons stated, the Court concludes that Plaintiff has failed to state claims upon which relief may be granted against the named defendants and that his complaint is frivolous.  Accordingly, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).  Given this determination, the Court **DENIES** his motions [D/E ## 4 & 5] to adopt supporting exhibits and to amend as moot.  Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/ Anna Diggs Taylor
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

Dated:  October 7, 2008

**CERTIFICATE OF SERVICE**

       The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on October 7, 2008.

Allen Daniel, #537193  
Baraga Maximum Correctional Facility  
13924 Wadaga Road  
Baraga, MI 49908                                          s/Johnetta M. Curry-Williams  
                                                                    Case Manager