UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DANIEL, #537193,

        Plaintiff,

                                                    CASE NO. 2:08-CV-13999
v.                                             HONORABLE ANNA DIGGS TAYLOR

LORI PAIONTE, et al.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## TO VACATE, AMEND, ALTER JUDGMENT [DKT. #13]

        The Court has before it Plaintiff's "Motion to Vacate, Amend, Alter Judgment Pursuant to Fed. R. Civ. P. Rules 59(a), (b), (e), 60(b)" concerning the Court's October 7, 2008 dismissal of his *pro se* civil rights complaint, filed pursuant to 42 U.S.C. § 1983, as frivolous and for failure to state a claim upon which relief may be granted. This is Plaintiff's second such motion. The first was denied by the Court on November 7, 2008.

        First, to the extent that Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 59, his motion is untimely. A motion to alter or amend a judgment under Rule 59(e) must be filed within 10 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); E.D. Mich. L. R. 7.1(g)(1) ("A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order."). The Court dismissed Plaintiff's complaint on October 7, 2008 and he gave the present motion to prison officials for mailing on November 14, 2008, well after the applicable 10-day period. District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *See, e.g., FHQ*

1

*Equities, LLC v. MBL Life Assurance Corp.,* 188 F.3d 678, 682 (6th Cir. 1999). Federal Rule of Civil Procedure 6(b) specifically provides that a district court may not extend the time permitted for filing a motion to alter or amend judgment filed under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 6(b); *Peters v. Abramajtys*, 2000 WL 1872038, *1 (6th Cir. Dec. 14, 2000) (citing *Rhoden v. Campbell*, 153 F.3d 773, 773 (6th Cir. 1998); *Denley v. Shearson/American Express, Inc.,* 733 F.2d 39, 41 (6th Cir. 1984)). The Court cannot extend the time for filing a motion under Federal Rule of Civil Procedure 59(e) or Local Rule 7(g). *See Erickson's Flooring & Supply Co., Inc. v. Basic Coatings, Inc.*, No. 04-74990, 2008 WL 2858774, *3 (E.D. Mich. July 23, 2008). Plaintiff's motion under Rule 59(e) is therefore untimely and must be denied.[1]

Additionally, Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 60(b). Under that rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Plaintiff has made no such showing. The Court properly dismissed his civil rights complaint as frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Lastly, to the extent that Plaintiff now asserts that prison officials have interfered with his

---

[1] Plaintiff also brings his motion pursuant to Rule 59(a) and (b). Those provisions, however, concern motions for new trials and are inapplicable to the case at hand.

legal mail or have committed other civil rights violations, he seeks to raise new claims for relief as those issues were not part of the original complaint which was dismissed by the Court. Should Plaintiff wish to pursue such matters, he must file a separate civil rights complaint after properly exhausting his administrative remedies.[2]

Accordingly, for the reasons stated, Plaintiff's motion is **DENIED**.  This case is closed. No further pleadings should be submitted in this case.

    **IT IS SO ORDERED.**

                          **s/ Anna Diggs Taylor**
                          ANNA DIGGS TAYLOR
                          UNITED STATES DISTRICT JUDGE

Dated:  December 11, 2008

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on December 11, 2008.

Allen Daniel, #537193
Baraga Maximum Correctional Facility
13924 Wadaga Road
Baraga, MI 49908                      s/Johnetta M. Curry-Williams
                                                    Case Manager

---

[2]The Court makes no determination as to the merits of such claims.